IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division

Bill Walls

    Plaintiff,

v.

                                                    Civil Action No. 2:17-cv-04383
                                                  Judge_____,

Military Officers Association of America,
ReliaStar Life Insurance Company, and
Mercer Consumer, d/b/a Mercer Health
and Benefits Administration, LLC.

    Defendants.

## COMPLAINT

NOW COMES the Plaintiff, Bill Walls, by and through his counsel, James D. McQueen, Jr., and the law firm of McQueen Davis, PLLC, and hereby brings forth this Civil Action Against the Defendants, Military Officers Association of America ("MOAA"), ReliaStar Life Insurance Company ("ReliaStar"), and Mercer Consumer doing business as Mercer Health and Benefits Administration LLC ("Mercer"), as follows:

## INTRODUCTION

1. Mr. Bill Walls is a Vietnam Era Veteran who retired from the Marine Corp as a Chief Warrant Officer 3, and was a Limited Duty Officer Captain while on Active Duty.

2. Mr. Walls served in the Marine Corps from 1974 to 1996.

3. Military Officers Association of America (hereinafter "MOAA"), is an association of military officers that provide benefits, counsel, and render assistance to all officers in matters relating to their retired status.

4. MOAA was formed in 1929 and is headquartered in Alexandria, Virginia. It

1

was formerly known as the Retired Officers of America, and changed its name to MOAA in 2002.

5. The MOAA has over 380,000 members, and is the largest military officers' organization in the United States.

6. MOAA provides the option of Life Insurance Coverage under a group term life insurance policy to their members.

7. MOAA provides the option of Medi Plus Insurance Coverage, (hereinafter "MediPlus"), to their members to assist in paying covered medical bills, hospital stays, physician visits, and prescription drugs.

8. ReliaStar Life Insurance Company (hereinafter "ReliaStar") issued a Group Policy to MOAA.

## PARTIES

1. The Plaintiff is an individual citizen residing in Lincoln, County, West Virginia.

2. The Defendant, Military Officers Association of America, is a professional association of Untied States military officers, with its headquarters in Alexandria, Virginia.

3. The Defendant ReliaStar Life Insurance Company is a foreign corporation, licensed to issue insurance policy contracts within the State of West Virginia, with its principal place of business in Minneapolis, Minnesota.

4. The Defendant Mercer Consumer doing business as Mercer Health & Benefits Administration LLC, is a foreign corporation with its principal place of business in New York, New York.

5. Defendants, MOAA, ReliaStar, and Mercer were at all material times herein transacting business in West Virginia.

Case 2:17-cv-04383   Document 1   Filed 11/17/17   Page 3 of 13 PageID #: 3

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), insofar as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity among Plaintiff and Defendants.
7. This is an actual controversy between and among Plaintiff and Defendants, as set forth more fully herein, concerning Plaintiff's respective rights in connection with the Policies.
8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a), as a substantial part of the events giving rise to the claim occurred herein.

## FACTS

9. In 1996 Plaintiff retired from the United States Marine Corps.
10. On August 1, 2008 Plaintiff's ReliaStar group term life insurance policy under MOAA became effective.
11. MOAA is listed as the Policyholder for ReliaStar Life Insurance Policy number 68652-2, and Plaintiff is listed as the certificate holder.
12. Mr. Walls' life was insured under the Term Life policy for $275,000.
13. The plan was administered by Defendant Mercer Consumer, a service of Mercer Health & Benefits Administration LLC.
14. Plaintiff's Group Term Life Insurance Plan from ReliaStar, became effective under the MOAA policy on August 1, 2008.
15. Plaintiff's group term life insurance policy was set up with quarterly billing with a premium due of $207.33.
16. Plaintiff also had MediPlus Health Insurance Benefits from MOAA that was administered by Mercer.
17. Plaintiff's MediPlus Policy became effective on January 1, 2000.
18. Plaintiff paid his quarterly premiums for the ReliaStar and Mediplus accounts

3

upon receipt of premium notices.

19. On or around March 3, 2010, Plaintiff's mailing address of Rt. 3 Box 405 Branchland, WV address was changed due to 911 rural route reclassification to 25 Fez Creek, Branchland, WV.

20. Plaintiff notified MOAA of this address change, and continued to receive both his premium notices for his Mediplus policy and his ReliaStar policy.

21. Mr. Walls continued to pay his premium notices, even with the continued rate increases from $242.97 in 2010, and $438.75 in 2015.

22. Plaintiff paid his premium notices in a timely manner, with no late payments from August 1, 2008 until May, 1 2016.

23. Plaintiff had not changed residences at any time during this period, and only changed his address per the required 911 rural route reclassification in 2010.

24. On or around April 2017, Plaintiff contacted MOAA about removing his wife from his Mediplus plan as she had obtained other coverage.

25. On or around July 2017, Plaintiff realized he had not been receiving his ReliaStar Life Insurance premium invoice, and only his ReliaStar Mediplus premium invoice.

26. Plaintiff reasonably believed he had been paying for both his MediPlus premium and his ReliaStar premium through MOAA.

27. Mr. Walls, received no notification regarding non-payment or cancellation, but was informed on or around July 2017, when he contacted MOAA, by his own volition, in regard to the missing premium invoices, that his policy was cancelled for non-payment, even though he had not received the premium invoices.

28. Through his own investigation and making contact with various members of

4

MOAA, Mr. Walls was informed by Mark Stevenson of MOAA, and Neil Taylor of Mercer, that his premium notices had been returned as undeliverable, as they were being sent to his former mailing address of Rt. 3 Box 405, Branchland, WV 25506.

29. Mr. Stevenson informed Plaintiff there must have been a "glitch" in the computer system that prevented both of his policies to be linked when Plaintiff contacted MOAA about his address change.

30. Mr. Stevenson informed Plaintiff they had tried contacting him multiple times, and further alleged they spoke with his wife, who denies speaking with anyone on this matter, MOAA never reached Plaintiff by phone or e-mail to advise him that his policy premium was overdue or that his ReliaStar life insurance policy would be cancelled if the premium was not paid by a specific date.

31. Plaintiff requested reinstatement of his life insurance policy with the understanding that he would owe for all premium notices from August 1, 2016 to the present time; However, he was informed his insurance policy would not be reinstated.

32. On or around August 2017, Plaintiff was forced to hire legal counsel to take the necessary legal action to compel MOAA, ReliaStar, or Mercer, as appropriate to reinstate his policy and allow him to pay the premiums yet owed to the respective companies.

33. On August 28, 2017, Plaintiff through counsel, sent a letter to MOAA, ReliaStar, and Mercer requesting his ReliaStar life insurance policy be reinstated with the understanding he would pay all premiums due that he had not received.

34. On September 28, 2017, Plaintiff through counsel, received a letter from Walt

5

Szafranksi, Head of Affinity Market, ReliaStar Life Insurance Company, explaining they denied the Plaintiff's request for reinstatement of his group term life insurance policy through MOAA.

35. The letter alleges that all ReliaStar statements were mailed to the rural route address on Mr. Walls' account, although this address was changed for the MediPlus insurance policy, and but for Defendants negligence the ReliaStar address would have been changed in the MOAA system as well.

36. The letter further alleges that on June 14, 2016 an invoice was mailed to Plaintiff for his 8/1/2016 – 11/1/2016 premium to the rural route address, and was returned as undeliverable, with no forwarding information.

37. The letter further alleges on September 30, 2016, a call, on a recorded line, was placed to Mr. Wall's wife, and a customer service representative informed her that Mr. Walls should contact Mercer Consumer about his insurance certificate. The letter alleges that Mrs. Walls informed the representative that her husband was not available, but that he would call back the next day, and Mr. Walls did not contact the plan administrator. However, Mr. Walls had no knowledge of any call to his wife or the substance of any message.

38. Mrs. Walls denies receiving a call or speaking to anyone regarding Mr. Walls' life insurance.

39. Through counsel, multiple attempts through e-mail and phone conversations have been made to obtain the audio of recorded phone conversation that allegedly occurred between Mrs. Walls and Mercer Consumer.

40. On November 7, 2017, Walt Szafranksi of ReliaStar sent a letter stating they must decline to provide the telephonic recording as it is the property of Mercer and typically not released absent a court order.

41. Plaintiff has exhausted all options to come to a solution with Defendants and they have been very deceptive and unwilling to cooperate in any attempts of reconciliation.

42. Defendants MOAA through Mark Stevenson, and ReliaStar through Neil Taylor, have continued to be uncooperative and provide Plaintiff assistance for reinstating his insurance policy.

43. Plaintiff has not received any notice or information by phone or by mail about conversion of his policy.

44. Plaintiff was informed he could "apply" inasmuch he passed the "good health requirements" for a new life insurance policy, as ReliaStar would not reinstate his life insurance policy even if he paid the premiums that were not delivered to his home, even though that violates the conversion requirements outlined in Plaintiff's ReliaStar Policy, and in W.Va. Code § 33-14-20.

45. Defendants negligently failed to merge the Plaintiff's information when he called MOAA to change his address after the government required 911 rural route reclassification address change occurred in 2010.

46. Defendants have alleged that Plaintiff was at fault as he did not write his policy numbers correctly on one of his policy applications.

47. Defendants have not produced any evidence to support these allegations and have continuously been evasive to counsel's attempts to collect any and all such evidence to support said allegations.

48. Defendants did not provide notice to Plaintiff that his ReliaStar policy was going to be cancelled or terminated.

49. MOAA was negligent when it did not merge Plaintiff's policy information in the system, even after Plaintiff called to update his address.

50. All premiums noticed were paid as due and Plaintiff complied with all of the terms and conditions under the MOAA policy.

## COUNT I. NO NOTICE OF CONVERSION AS REQUIRED IN

## W.Va. CODE §33-14-20

51. Plaintiff incorporates paragraphs 1-51 of the Complaint, as if the same were set forth herein.

52. The acts and omissions of Defendants, MOAA, ReliaStar, and Mercer, by and through its agents, representatives, with respect to the handling of Plaintiff's claim under the aforementioned life insurance policy, violated W.Va. Code § 33-14-20.

53. Defendants did not provide notice to Plaintiff that he was eligible for conversion on termination of his policy, as he was insured under the group policy for more than three years, and for five or more years prior to the termination date of the life insurance policy, even though his insurance was terminated, and he thus became eligible to have to him issued an individual policy of life insurance by the insurer.

54. Defendants did not give notice to Plaintiff fifteen days prior to the expiration date of the conversion period, as such the Plaintiff was not given any opportunity to exercise his right of conversion, as Defendants withheld this information from Plaintiff.

55. Defendant, ReliaStar, through Walt Szafranksi's letter to counsel, informed Plaintiff, "Since MOAA insurance coverage is continuously available to its members, Mr. Walls has the option to apply for new coverage subject to proof of good health satisfactory to ReliaStar Life Insurance Company," even though ReliaStar's policy manual explains conversion can occur "without

proof of good health."

56. Plaintiff was not notified that the right of conversion existed, and thus was not given the opportunity to convert his policy, and as such Defendants are in direct violation of W.Va. Code § 33-14-20.

57. Plaintiff is entitled to be compensated for general damages, and for emotional distress, mental anguish, inconvenience, aggravation, annoyance, humiliation, anxiety, and for reasonable attorney's fees incurred in having to bring this litigation.

## COUNT II BREACH OF CONTRACT

58. Plaintiff incorporates paragraphs 1-57 of the Complaint, as if the same were set forth herein.

59. The Policies are valid, enforceable contracts between Plaintiff and MOAA, ReliaStar, and Mercer.

60. All premiums billed by Defendants MOAA, ReliaStar, and Mercer were paid, until Defendants negligently did not merge Plaintiff's address from one policy (MediPlus) to the other policy (ReliaStar), even though Plaintiff informed MOAA of this change.

61. Plaintiff performed all of his obligations under the Policies.

62. Plaintiff reasonably relied on MOAA to update his contact information for all of his policies provided by MOAA when he informed them of this change.

63. The ReliaStar policy was to provide term life insurance coverage for the life of Mr. Bill Walls.

64. By terminating the policy without proper notice to the Plaintiff, and failing to provide notice of conversion rights as required in W.Va. Code § 33-14-20, Defendants have breached their contractual and statutory duties and

obligations owed to Plaintiff under the Policies.

65. Defendant's breaches of the Policies have proximately caused damages in an amount to be determined at trial, as authorized under the case of *Hayseeds, Inc. v. State Farm Fire & Casualty Company*, 177 W.Va. 323, 352 S.E.2d 73 (1989).

66. Furthermore, implied in the policies are covenants of good faith and fair dealing by Defendants.

67. Defendants owed Plaintiff a duty to act in a manner that does not frustrate and disappoint the reasonable expectations of Plaintiff under the Policies.

68. Assuming, *arguendo*, that Defendants did not violate an explicit contractual provision of the Policies, Defendants have breached the covenant of good faith and fair dealing because they terminated Plaintiff's Life Insurance Policy wrongfully and inequitably depriving Plaintiff of the benefit of the Life Insurance Policy.

69. Moreover, if permitted to continue the Termination of the Life Insurance Policy, Defendant's termination and related actions will frustrate and deprive Plaintiff of the reasonably expected benefits of the Policy, including a denial of income needed to protect his wife and family.

70. Defendant's breaches of the policy and statutes and of the covenant of good faith and fair dealing have proximately caused damages in an amount to be determined at the time of trial.

## COUNT III NEGLIGENT CANCELLATION OF INSURANCE POLICY

71. Plaintiff incorporates paragraphs 1-70 of the Complaint, as if the same were set forth herein.

72. Defendants MOAA, ReliaStar, and Mercer, represented through its employees

1

and other agents that the Life Insurance Policy constituted permanent term life insurance that would provide Mr. Walls protection for life.

73. Defendants made multiple representations concerning the attempts at notifying Plaintiff in regard to the cancellation of the policy.

74. Defendants stated they spoke with Mr. Walls wife and she denies this phone call, and Defendants refuse to produce any evidence of the phone call as explained above.

75. Defendants refuse to produce evidence of differing applications that would prevent the policies from merging, and as such prevent the address from being updated by MOAA as the new address was supplied by Plaintiff.

76. Plaintiff continued to receive his mail at his address for six years after the required 911 rural reclassification occurred, even as such Defendants did not make more than one attempt to contact Plaintiff after his premium notice was returned as undeliverable.

77. The United States Postal Service automatically forwards mail for twelve months, however Defendants allege they sent the mail to the previous address for six years before it was returned as undeliverable.

78. Defendants were negligent in their attempt to provide Plaintiff notice of his pending insurance cancellation.

79. Defendants knew Plaintiff had changed his address in 2010 pursuant to his contact with MOAA.

80. Defendants were negligent in not merging the information from both policies under MOAA, and only changed the address for one policy.

81. Defendants did not attempt to provide Plaintiff notice with his cancellation upon the return of the undeliverable mail, in only allegedly speaking to

someone that answered the phone at his residence one time.

82. Defendants informed Plaintiff after he contacted them for not receiving his premium notices that his policy had been cancelled, and did not provide him with any form of conversion notice.

83. Defendants refused to allow Plaintiff to pay back the premiums owed and reinstate his policy, even though Defendants negligence in not merging the policy information caused the premium notice to not be delivered to Plaintiff.

84. Plaintiff is entitled to compensatory damages in the sum of the contract amounts up to the limits prescribed in the policy.

85. Plaintiff is entitled to be compensated for general damages, and for emotional distress, mental anguish, inconvenience, aggravation, annoyance, humiliation, anxiety, embarrassment, and for reasonable attorney's fees incurred in having to bring this litigation.

86. Plaintiff asserts that the conduct of Defendants, by and through its agents, representatives, and employees, in the handling of Plaintiff's cancellation, was intentional, willful, and outrageous in character, and was done in bad faith and without regard to the rights of Plaintiff, entitling Plaintiff to punitive damages in an amount that will deter Defendants from such conduct in the future.

WHEREFORE, Plaintiff, Bill Walls, by counsel, demands judgement against Defendants, MOAA, ReliaStar, and Mercer, for the reinstatement of Plaintiff's Life Insurance Policy, for judgement declaring that Plaintiff is entitled to compensatory and consequential damages, if substantially prevailing on reinstatement, including general or consequential damages for aggravation, inconvenience, and annoyance in the amounts within the jurisdiction of this court, and for punitive damages in an amount that will deter

1

Defendants from similar conduct in the future, and for reasonable attorney's fees incurred in bringing this litigations, and for such other relief that to the Court may seem equitable, just and proper.

**PLAINTIFF DEMANDS A TRIAL OF THE ISSUES BY JURY.**

**BILL WALLS,**

**BY COUNSEL**

_/s/ James D. McQueen, Jr._
James D. McQueen, Jr.  (WVSB # 2507)
**McQueen Davis, PLLC**
Century Bldg., Suite 200
314 Ninth Street
Huntington, WV 25701
Phone:      304-522-1344
Facsimile: 304-522-1345
Email:       jmcqueen@mcqueendavis.com

*Of Counsel for Plaintiff*